UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINALD C. MORGAN, JR.**                                                          **CIVIL ACTION**

**VERSUS**                                                                                          **NO.04-2766**

**CHET MORRISON CONTRACTORS, INC.**                                       **SECTION "K" (1)**

### ORDER

Before the Court is plaintiff's Motion To Strike Jury (Rec. Doc. 9).  For the reasons stated herein, plaintiff's motion is granted.

### BACKGROUND

On October 7, 2004, plaintiff filed a complaint against his employer for personal injuries sustained as a Jones Act seaman.  As stated in the complaint, jurisdiction is founded on the admiralty and maritime nature of the claim.  Plaintiff alleged a cause of action under the Jones Act, 46 U.S.C.A. § 688[1] and under general maritime law.  The defendant employer is a Louisiana corporation precluding diversity jurisdiction.  On October 8, 2004, prior to any answer being

---

[1] The Jones Act provides in part that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury ..."

1

filed by the defendant, an amended complaint was filed by the plaintiff pursuant to Fed. R. Civ. P. 15(a), designating the claim as an admiralty and maritime claim under Fed. R. Civ. Proc. 9(h)[2].  In November of 2004, defendant filed an answer to the complaint and amended complaint objecting to the Rule 9(h) designation and requesting a trial by jury.   The defendant refused to withdraw its jury request, which prompted the plaintiff file the instant motion to strike the jury.

**LEGAL ANALYSIS**

The instant case is a non-diversity case.  The general rule is that admiralty claims are to be tried without a jury.  Fed. R. Civ. Proc. 9(h); *Fisher v. Danos*, 671 F.2d 904, 905 (5th Cir.1982).  However, under the Jones Act, a plaintiff may elect to have a jury trial.  46 U.S.C. § 688.  This choice belongs to the seaman, not his employer, and the employer may not require a jury trial.  *Texas Menhaden Co. v. Palermo*, 329 F.2d 579 (5th Cir.1964).   In *Rachal v. Ingram Corporation*, 795 F.2d 1210 (5th Cir.1986), the Fifth Circuit upheld a district court's allowing the amendment of a Jones Act case originally designated as a jury trial to one designated under Fed. R. Civ. P. 9(h) whereby plaintiff struck his jury demand.  The Court based its decision on the fact that at the time of plaintiff's motion, defendant had no constitutional right to a jury trial. *See also, Adams v. Falcon Drilling Co.*, 1998 WL 195981 *2; *Callais v. Susan Vizier, Inc*., 2000

---

[2]Fed. R. Civ. Proc. 9(h) provides: A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. §1292(a)(3).

WL 278097 at *1(E.D.La.)(*citing Rachal*).  Unlike the instant case, the plaintiff in *Rachal* sought to amend his complaint well after the defendants had already served their responsive pleadings. 795 F.2d at 1214.  Thus, under the law, the plaintiff had the right to amend his complaint to designate this as a non-jury trial.  The Court further notes that defendant's opposition to plaintiff's motion to strike is based upon allegations of forum shopping rather than any basis in the law, and the Court regards defendant's opposition as frivolous.  If plaintiff's strategic choices are clearly appropriate under the law, it is remarkably self-righteous to impugn plaintiff's counsel.  All lawyers make strategic decisions.  Many defendants remove cases filed in state court to federal court for strategic reasons.  This is their statutory right.  Unsupported arguments are poor strategy indeed.  The plaintiff has asked for attorneys' fees and costs.  The Court will not grant this request at this time.  Defendant is put on notice that any future frivolous pleadings will be subject to sanctions.

For the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Motion To Strike Jury (Rec. Doc. 9) is **GRANTED**.

New Orleans, Louisiana, this   21st   day of July, 2005.

                              **STANWOOD R. DUVAL, JR.**
                             **UNITED STATES DISTRICT COURT JUDGE**