UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINALD C. MORGAN, JR.**                                                    **CIVIL ACTION**

**VERSUS**                                                                                  **NO. 04-2766**

**CHET MORRISON CONTRACTORS, INC.**                              **SECTION "K"(1)**

### ORDER AND REASONS

Plaintiff, Reginald C. Morgan, Jr., has filed this motion requesting severance of his maintenance and cure claims from the remainder of his Jones Act claims. (Rec. Doc. 129) ("Mot."). Plaintiff additionally requests an expedited hearing of his maintenance and cure claims. Plaintiff asserts that he is entitled to severance and an expedited hearing because he has not reached maximum cure and his doctor has recommended additional surgery, trial in this matter is not set to begin for eight months, and the matter will be heard as a bench trial. Defendant, Chet Morrison Contractors, Inc., opposes Plaintiff's motion to sever. According to the Defendant, Plaintiff has reached maximum cure relieving the Defendant of the duty to pay maintenance and cure, severance would not enhance judicial economy, and Plaintiff should not be entitled to severance because Plaintiff has been the root cause of nearly all of the delays experienced in this case.

**I.      FACTS**

Reginald C. Morgan, Jr., Plaintiff, was employed by Chet Morrison Contractors, Inc., Defendant, as a Jones Act Seaman aboard the Defendant's pipeline laying barge. Plaintiff alleges he was injured while working on the deck of the Defendant's barge when a wave

washing across the deck caused an unsecured set of steel stairs to slide across the deck and strike the Plaintiff in the leg.  Suit in this matter was originally filed October 7, 2004.   Plaintiff filed this motion to sever his maintenance and cure claims from the rest of his claims on September 12, 2008.  A bench trial in this matter is set for June 1, 2009.

This matter has been continued a number of times at the request of the Plaintiff.  These include continuances necessitated by Plaintiff's incarceration on July 29, 2005 (Rec. Doc. 22), Plaintiff's unopposed motion to continue on October 13, 2006 (Rec. Doc. 62), and Plaintiff's firing of his attorney one week prior to trial October  2007 (Rec. Doc. 82).  After Plaintiff retained his first counsel he was incarcerated, and his counsel subsequently filed a motion to continue that was granted.  However, one week before trial was set to begin in this matter the Plaintiff fired his counsel, leading to another continuance.  He rehired his original counsel, only to once again fire him shortly after.  Plaintiff has since enrolled new counsel.  Plaintiff's new counsel also filed a motion to continue on the basis of unavailability on June 25, 2008.  (Rec. Doc. 125).  This Court granted the motion, and trial was reset for June 1, 2009.  (Rec. Doc. 128).  Following the denial of Plaintiff's motion for continuance, he filed this motion to sever his maintenance and cure claims on September 12, 2008.  (Rec. Doc. 129).

According to the Plaintiff he was recently re-evaluated by Dr. Rand M. Voorhies, an expert medical doctor retained by the Plaintiff, who indicated that "Plaintiff may be a surgical candidate." Mot., Ex. 1 at 1.  Dr. Voorhies stated in his report, "I believe Mr. Morgan is a potential candidate for further surgical intervention, although at this point that remains speculative." *Id.* at 2.  Dr. Voorhies proposed that the next steps before treatment include having Plaintiff psychiatrically cleared for conditions relating to pain syndrome, which has emotional

2

and psychological effects, confirming that Plaintiff has successfully quit smoking, and subsequently considering a referral for a lumbar discography to rule out other sources of pain. *Id.* Therefore, based on this alleged need for further medical treatment, and the large span of time before the trial is set to begin, the Plaintiff asks that his motion to sever be granted.

However, the Defendant, Chet Morrison Contractors, claims that the Plaintiff has reached maximum cure and is therefore not entitled to any further maintenance and cure payments. (Rec. Doc. 130) ("Opp."). According to the Defendant, Dr. Bartholomew is the Plaintiff's treating neurosurgeon, and, in a letter dated February 12, 2008 he opined that the Plaintiff had reached maximum cure from his point of view. *Id.*, Ex. A. According to the Defendant, the Plaintiff is doctor shopping in order to undergo further medical treatment. *Id.* at 1-2. The Defendant further argues that severing the maintenance and cure issue would require additional discovery, testimony from at least six witnesses, and opines that they could not be ready until 2009. *Id.* at 3. Therefore, the Defendant argues that it would work counter to judicial efficiency to sever the case, and opposes the Plaintiff's motion.

## II.     ANALYSIS

The Fifth Circuit in *Tate v. American Tugs, Inc.,* stated that a seaman has the right to "ask for severance of the maintenance claim and an expedited trial of it by the court." 634 F.2d 869, 871 (5th Cir. 1981). "The decision to sever a maintenance and cure claim is within the court's discretion." *Raffield v. Y.S. Marine, Inc.*, Civ. A. No. 06-10758, 2008 WL 89006, at *3 (E.D. La Jan. 7, 2008.) (Lemelle, J). "In deciding whether to sever a maintenance and cure claim, courts consider the plaintiff's interest in an expediting trial of these issues, the proximity of the

scheduled trial date, whether plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion." *Hampton v. Daybrook Fisheries, Inc.*, Civ. A. No. 01-1913, 2002 WL 1974107, at *2 (E.D. La. Aug. 27, 2002) (Vance, J.); *Charpentier v. Blue Streak Offshore, Inc.,* Civ. A. No. 96-323, 1996 WL 383126, at *2 (E.D. La. July 3, 1996) (Schwartz, J.).

In *Grundstrom v. 4-J's Enterprises, Inc.*, the plaintiff's main argument for severing his maintenance and cure claim was the need for a surgery which his doctor had recommended. Civ. A. No. 03-2657, 2004 WL 551207, at *1 (E.D. La. Mar. 18, 2004) (Vance, J.). Plaintiff alleged he was injured while working as a seaman in 2002, and his motion to sever was filed after one-and-one-half years of litigation, six months prior to the scheduled trial date. *Id.* Despite the plaintiff's claim that the surgery was needed to alleviate his worsening pain, the court denied the plaintiff's motion to sever. "Plaintiff's accident occurred over two years ago, and the litigation had been going on for approximately a year and a half before the plaintiff moved to sever his maintenance and cure claims." *Id.* at *2. The court further cited the proximity of trial, the delay before an expedited hearing in order to acquire additional medical exams and discovery resulting in no meaningful acceleration of adjudication, the defendant's opposition to the motion, and that it was unlikely that the additional delay would change the outcome of the surgery. *Id.*

In *Cooper v. Nabors Offshore, Inc.*, plaintiff, seaman filed a motion to sever his maintenance and cure claim. Civ. A. No. 03-0344, 2003 WL 22174237, at *1 (E.D. La. Sept. 9, 2003) (Vance, J.). Plaintiff claimed he had fallen down some stairs and injured himself. *Id.* Plaintiff argued the need for severance and an expedited hearing because he was unable to return to work, and the trial was set to take place in four months. *Id.* Despite these claims plaintiff did not cite a need for surgery or other medical treatment. *Id.* In denying plaintiff's motion the

4

court pointed out the likelihood of duplicate expert testimony increasing costs to the parties and hindering judicial efficiency, defendant's opposition, proximity to the trial date, and plaintiff's lack of urgent medical need. *Id.*

The issue of severance was before this Court in *Rodriguez v. Larry Griffin Towing, Inc.,* Civ. A. No. 06-7742, 2007 WL 433482, at *1 (E.D. La. Feb. 6, 2007) (Duval, J.). The plaintiff, a Jones Act seaman, sought severance alleging he had received no benefits since the 2006 accident, none of his physicians had qualified him as having reached maximum cure, and his doctors had recommended he undergo surgery. *Id.* Defendants opposed severance, claiming that maintenance and cure issues were factually intertwined, and citing a need for further discovery to determine if payment was warranted. *Id.* According to this Court, "Perhaps, the overriding factor in resolving the question after a determination that plaintiff has a strong interest in maintenance and cure benefits is the proximity of the trial date." *Id.* at *2. In granting the motion to sever this Court highlighted the fact that no trial date had been set, plaintiff needed additional treatment to reach maximum cure, and that trial would be without a jury as factors supporting bifurcation. *Id.*

In applying the *Tate* factors and jurisprudence to the matter at hand, Plaintiff's motion to sever must be denied, notwithstanding the fact that the current trial date is set for June 1, 2009. Plaintiff argues that his position is supported by *Rodriguez,* in which this Court cited the fact that it was a bench trial, as well as the length of time before trial (in that case no trial date had been set) as factors supporting severance. However, it should be noted that nearly all of the delays that have occurred in this case were caused by the Plaintiff's actions.

After weighing all the factors in this case there is more support for denying this motion to

sever.  The present case is distinguishable from *Rodriguez* as it has a firm trial date, and Plaintiff may have already reached maximum cure.  Moreover, this Court has not been adequately persuaded by Dr. Voorhies's evaluation and report as to the Plaintiff's necessity for surgery.  Dr. Voorhies's report notes that while Plaintiff could possibly recover further through surgery, Dr. Voorhies admits that any medical improvement "remains speculative."  Mot., Ex. 1 at 2.  While the Court acknowledges that the Plaintiff is experiencing "ongoing pain syndrome," the severity of Plaintiff's pain is questionable, particularly considering the fact that the Plaintiff is the cause of most of the continuances and has waited nearly four years after his injury to seek an expedited trial.  *See Grundstrom*, 2004 WL 551207, at *2 (denying plaintiff's motion to sever by citing two-and-a-half year period since the injury and the plaintiff's decision to wait over a year and a half before filing for severance).

     Most significant to this Court's disposition, the Plaintiff himself has been the cause of the majority of the delays in this case.  Plaintiff has requested and been granted numerous continuances in this matter.  In one instance, Plaintiff fired his counsel one week before the trial was to begin.  It seems contradictory for the Plaintiff to request numerous continuances, and then ask for a severance based in large part on the delays that he himself created.  Considering all of these factors, Plaintiff's motion to sever his maintenance and cure claims will be denied.

### III. CONCLUSION

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Sever (Rec. Doc. 129) is **DENIED.**

New Orleans, Louisiana, this __28th__ day of October, 2008.

$\hspace{4cm}$ _____
$\hspace{5cm}$ **STANWOOD R. DUVAL, JR.**
$\hspace{5cm}$ **UNITED STATES DISTRICT JUDGE**